1 **James R. Selth - Bar #123420**
**WEINTRAUB ZOLKIN TALERICO & SELTH LLP**
2 **11766 Wilshire Boulevard, Suite 730**
**Los Angeles, CA 90025**
3 **Telephone: (310) 207-1494**
**E-mail: jselth@wztslaw.com**

4

5 Attorneys for Debtor,
GREGORY A. PEPLIN

6

7

8                    UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

10

11 In re                         ) Case No. 2:24-bk-13645-DS
                                 )
12 GREGORY A. PEPLIN,            ) Chapter 7
                                 )
13          Debtor.              ) **DEBTOR'S OPPOSITION TO MOTION OF**
                                 ) **CREDITOR BANKFINANCIAL TO**
14                               ) **EXTEND TIME TO OBJECT TO**
                                 ) **DISCHARGE PURSUANT TO FEDERAL**
15                               ) **RULES OF BANKRUPTCY PROCEDURE**
                                 ) **4004(b)(1); DECLARATION OF JAMES**
16                               ) **R. SELTH IN SUPPORT**
                                 )
17                               ) Date:      November 6, 2024
                                 ) Time:      1:00 p.m.
18                               ) Place:     Courtroom 1639
                                 )            255 E. Temple St.
19                               )            Los Angeles, CA
                                 )
20 _____)

21

22

23      TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES

24 BANKRUPTCY JUDGE, CREDITOR BANKFINANCIAL NATIONAL ASSOCIATION AND

25 ITS ATTORNEY OF RECORD, AND INTERESTED PARTIES:

26      Debtor, Gregory A. Peplin ("Debtor") submits the following

27 opposition to the Motion to Extend Time to Object to Discharge

28 ("Motion to Extend", Doc. No. 101) filed by Creditor BankFinancial

1  National Association ("Creditor"), as follows:

2      The Motion to Extend should be denied on the merits for

3  Creditor's failure to establish good cause for the extension as

4  required by Federal Rules of Bankruptcy Procedure ("FRBP"),

5  specifically Creditor's lack of diligence.

6      First, Debtor notes that the Motion to Extend was brought

7  pursuant to FRBP 4004(b)(1) (for complaints under 11 U.S.C.

8  Section 727) and <u>not</u> under FRBP 4007(c) (for complaints under 11

9  U.S.C. Section 523).  Debtor also notes that Creditor seeks to

10  extend the deadline to object to Debtor's discharge under 11

11  U.S.C. Section 727, however that deadline <u>has already passed as</u>

12  <u>to all creditors</u>, and Debtor's discharge was entered on August

13  19, 2024 [Doc. No. 73].

14      Creditor falsely states in its Motion to Extend at Paragraph

15  23 that:

16          "BankFinancial previously obtained an

17          extension of time to file a complaint

18          objecting to: (1) the dischargeability of

        BankFinancial's debt pursuant to § 523 of the

19          Bankruptcy Code; **and/or (2) the Debtor's**

20          **discharge generally under § 727 of the**

        **Bankruptcy Code.**" [emphasis added]

21

22      However this is simply untrue, since the Stipulation drafted

23  by Creditor's counsel and filed with the Court on August 5, 2024

24  [Doc. No. 60] is limited only to extending "the deadline for

25  BankFinancial to object to the dischargeability of the Bank-

26  Financial debt under Section 523 of the Bankruptcy Code..."  See

27  **Exhibit 2** to the attached Declaration of James R. Selth ("Selth

28  Dec.").  Similarly, the Order Approving the Stipulation entered

on August 6, 2024 (**Exhibit 3** to Selth Dec., Doc. No. 62) states:

> "[T]he Stipulation is approved, and the
> deadline for BankFinancial to object to the
> dischargeability of the BankFinancial debt
> under Section 523 of the Bankruptcy Code is
> extended to October 7, 2024."

The Ninth Circuit Court of Appeals, in <u>Anwar v. Johonson</u>, perfectly sums up Creditor's situation:

> "The humorist Douglas Adams was fond of
> saying, 'I love deadlines. I love the
> whooshing sound they make as they fly by.'
> But the law more often follows Benjamin
> Franklin's stern admonition: 'You may delay,
> but time will not.'  To paraphrase Émile
> Zola, deadlines are often the terrible anvil
> on which a legal result is forged."

<u>Anwar v. Johnson</u>, 720 F.3d 1183, 1184 (9th Cir. 2013)

The facts in this case set forth a complete lack of diligence by Creditor and it counsel.

First, Creditor received notice of the bankruptcy case as evidenced by the Certificate of Service filed on May 11, 2024 attached as **Exhibit 1** to the Selth Dec. [Doc. No. 6].  Neither Creditor not its attorney attended the 341(a) Meeting of Creditors on June 6, 2024 to question the Debtor.

As set forth in the Selth Dec., Debtor's counsel was first contacted by Creditor's attorney Alex Darcy on August 2, 2024, three days before the August 5, 2024 deadline for the filing of a complaint objecting to discharge in Debtor's case.  Mr. Darcy sent Debtor's counsel an e-mail on August 2, 2024 stating that his

1  client had "concerns" regarding Debtor's conduct and requesting a
2  60-day extension of the non-dischargeability deadline.

3     Mr. Darcy and Debtor's counsel spoke by telephone on the
4  morning of August 5, 2024.  Mr. Darcy described his client's
5  concerns regarding the underlying transaction involving the
6  related Chapter 11 case of Debtor's company, <u>In re A.R.D.</u>
7  <u>Marketing Inc.</u>, Case No. 2:24-bk-13156-DS and stated that he
8  wanted to conduct discovery regarding the matter.  Although Debtor
9  disputed any claims of wrongdoing concerning Creditor's trans-
10 action, he agreed to stipulate to the requested 60-day extension
11 only as to a complaint by Creditor for nondischargeability of debt
12 under 11 U.S.C. Section 523.

13    Several hours later, Mr. Darcy sent the proposed Stipulation
14 and Order to Debtor's counsel attached to the Selth Dec. as
15 **Exhibits 2 and 3**, which Debtor's counsel promptly signed and
16 returned.  As noted above, the Stipulation was filed on August 5,
17 2024 and the Order approving the Stipulation was entered on August
18 6, 2024.

19    From August 5, 2024 until October 4, 2024, Debtor's counsel
20 <u>did not receive a single communication</u> from Creditor or its
21 counsel.  No discovery was propounded, no motion was filed for an
22 examination or production of documents under Federal Rule of
23 Bankruptcy Procedure 2004 and no inquires were received for
24 documents or information.

25    Then on the afternoon of Friday October 4, 2024, three days
26 before the stipulated extended Section 523 deadline, while
27 Debtor's counsel was in Utah for a long weekend, Mr. Darcy wrote
28 an e-mail to Debtor's counsel asking if he would be "agreeable to

another 60 days on the deadline for BankFinancial's possible non-dischargeability complaint."  There was no explanation as to why no discovery had been conducted during the preceding 60 days. Debtor refused to agree to a further stipulation, and the Motion to Extend was filed less than six hours before the expiration of the extended deadline.

The case law on requests for extension of the deadline to file complaints objecting to discharge all clearly supports denial of the Motion to Extend.

"A Chapter 7 bankruptcy discharge entitles a debtor to a 'fresh start,' therefore, the debtor has an interest in the prompt resolution of all discharge issues."  <u>In re Davis</u>, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996) (citation omitted).

FRBP 4004(b)(1) and 4007(c) set forth the identical deadline of 60 days after the first date set for the meeting of creditors under Section 341(a) to file a Complaint.  The two Rules contains similar language regarding an extension of the deadline.

Rule 4004(b)(1) states that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired."

Rule 4007(c) states that "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge.  Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired."

"The purposes of Rules 4004 and 4007(c) are to further the prompt administration of bankruptcy estates . . . and the 'fresh

1  start' goals of bankruptcy relief as well as to allow a debtor to

2  'enjoy finality and certainty in relief from financial distress as

3  quickly as possible.'[citations omitted]".  <u>In re Santos</u>, 112 B.R.

4  1001 (9th Cir. BAP 1990).

5      Equitable exceptions to the general application of Rules

6  4004(b) and 4007(c) must be construed strictly in favor of the

7  debtor and consistent with the goal that dischargeability issues

8  are resolved "promptly and definitively."  <u>In re Kontrick</u>, 295

9  F.3d 724, 733 (7th Cir. 2002).

10      When a creditor seeks to extend the 60-day deadline to file a

11  nondischargeability complaint, the creditor must file a motion

12  before the deadline passes and show cause why the extension is

13  necessary.  <u>Willms v. Sanderson</u>, 723 F.3d 1094, 1100 (9th Cir.

14  2013).  See also <u>In re Hamada</u>, 291 F.3d 645, 649 (9th Cir. 2002)

15  (quoting <u>In re Dunlap</u>, 217 F.3d 311, 315 (5th Cir. 2000)) holding

16  that "[t]he strict time limitation placed upon creditors who wish

17  to object to a debt's dischargeability reflects the Bankruptcy

18  Code's goal of providing debtors with a fresh start.")

19      "Cause" is not defined in the FRBP or the Bankruptcy Code,

20  but it "must be compelling and a creditor must show why it was not

21  able to comply with the deadline as originally set."  <u>Willms v.</u>

22  <u>Sanderson</u>, *supra*, 723 F.3d at 1104 (citing 9 COLLIER ON BANKRUPTCY

23  4007.04 [3] (Alan N. Resnick & Henry J. Sommer, eds. 16th 8 ed.

24  rev. 2020)).  See also <u>In re Anthanassious</u>, 418 Fed.Appx. 91, 96

25  (3rd Cir. 2011), which held:

26          "The parties agree that under the applicable
            bankruptcy rules a relatively brief
27          limitations period has been set to encourage
            expedition, and any extensions thereof can be
28

granted only if 'cause' for such extension has
been shown. Fed. R. Bankr. P. 1017(e), 4004(a)
and 4007. 'Cause' is not defined in the Rules.
As both the Bankruptcy Court and the District
Court concluded, however, under any reasonable
reading of that term in these contexts,
'cause' is not shown where the moving party
tenders no reason why her examination of
Debtor and the relevant documents could not
have been conducted within the allotted sixty
days."

While courts vary in their conceptions of what constitutes
valid "cause," there is a consensus that "cause" will not be found
where the extension request is due to a lack of diligence by the
creditor.  "A lack of diligence, alone, can be fatal to a
creditor's request to obtain an extension."  In re Tumbleson, 596
B.R. 913, 916 (Bankr. N.D. Fla. 2018).  See also In re Woods, 260
B.R. 41, 44-45 (Bankr. N.D. Fla. 2001) holding that:

"A review of cases from around the country
shows that a lack of diligent effort by a
creditor can be fatal to a creditor's last
minute attempt to achieve an extension of the
deadline. 'The majority view is that there can
be no cause justifying an extension of time .
. . where the party seeking the extension
failed to diligently pursue discovery prior to
expiration of the deadline.' In re Grillo, 212
B.R. 744, 747 (Bankr. E.D. N.Y. 1997)."

Especially relevant to the facts in this case is the
conclusion in Woods that "the apparent lack of follow up by either
the Creditor or its attorney, and the filing of the motion to
extend on the day of the deadline all point to a lack of

1  diligence." [emphasis added].  In re Woods, *supra*, 260 B.R. at 45.

2     "The lack of diligence can be fatal to a creditor's request

3  at the eleventh hour to obtain an extension of the time period to

4  file an objection to discharge and/or dischargeability."  In re

5  Denike, 322 B.R. 452, 456 (Bankr. M.D. Fla. 2005).

6     Judge Lee summed up the issue nicely in In re Bomarito, 448

7  B.R. 242, 251 (Bankr. E.D. Cal. 2011):

8         "The 60-day deadlines in the Rules strike a
          balance between the competing interest of the
9         debtors who want a fresh start, the creditors
          who would like to receive payment of their
10        claims, and the U.S. Trustee who is charged
          with the duty to protect the bankruptcy system
11        from abusive filings.  The relatively brief
          deadlines for objections relating to chapter 7
12        relief are there to encourage expeditious
          administration of the case. The short
13        deadlines 'give debtors some degree of
          certainty in the process of obtaining a
14        discharge.'  In re Chamness, 312 B.R. 421, 423
          (Bankr. D.Colo. 2004).

15

16

17

18

19     As Judge Lee concluded:

20        "The deadlines can only be extended for cause.
          In this context, 'cause' is not shown when the
21        moving party offers no evidence to show that
          he or she has diligently prosecuted an
22        investigation of the underlying issues and
          offers no reasonable explanation why that
23        investigation could not be completed within
          the time allotted."
24

25

26  In re Bomarito, *supra*, 448 B.R. at 251.

27  //

28

1     Exactly as in the _Woods_ case cited above, the apparent lack

2  of follow up by either Creditor or his attorney, and the filing of

3  the motion to extend in the final hours of the last day of the

4  previously extended deadline all point to a lack of diligence,

5  which is fatal to establishing cause.  Debtor deserves his fresh

6  start discharge.

7     Debtor submits that the Motion to Extend must be denied.

8

9                          Respectfully submitted,

Dated: October 23, 2024      WEINTRAUB ZOLKIN TALERICO & SELTH LLP

10
                                  _/s/ James R. Selth_

11                       By_____
                            James R. Selth
12                          Attorneys for Debtor,
                            GREGORY A. PEPLIN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DECLARATION OF JAMES R. SELTH**

2    I, James R. Selth, declare and state as follows:

3    1.    I am an attorney duly admitted to practice in the State

4  of California and before the United States District Court for the

5  Central District of California, and am employed by Weintraub

6  Zolkin Talerico & Selth LLP, counsel for Gregory A. Peplin, Debtor

7  herein ("Debtor"). Each of the facts contained in this declaration

8  is based upon my personal knowledge and if called as a witness, I

9  could and would competently testify thereto.

10    2.    Creditor BankFinancial National Association ("Creditor")

11  received notice of Debtor's Chapter bankruptcy case as evidenced

12  by the Certificate of Service filed on May 11, 2024 attached

13  hereto as **Exhibit 1**. [Doc. No. 6].  Neither Creditor not its

14  attorney attended the 341(a) Meeting of Creditors on June 6, 2024

15  to question the Debtor.

16    3.    I attended by Zoom the 341(a) Meeting of Creditors

17  on June 6, 2024.  Neither Creditor not its attorney attended the

18  341(a) Meeting of Creditors to question the Debtor.

19    4.    I was first contacted by Creditor's attorney Alex Darcy

20  on August 2, 2024, three days before the August 5, 2024 deadline

21  for the filing of a complaint objecting to discharge in Debtor's

22  case.  Mr. Darcy sent me an e-mail on August 2, 2024 stating that

23  his client had "concerns" regarding Debtor's conduct and

24  requesting a 60-day extension of the non-dischargeability

25  deadline.

26    5.    Mr. Darcy and I spoke by telephone on the morning of

27  August 5, 2024.  Mr. Darcy described his client's concerns

28  regarding the underlying transaction involving the related Chapter

1  11 case of Debtor's company, <u>In re A.R.D. Marketing Inc.</u>, Case No.

2  2:24-bk-13156-DS and stated that he wanted to conduct discovery

3  regarding the matter.  Although Debtor disputed any claims of

4  wrongdoing concerning Creditor's transaction, he agreed to

5  stipulate to the requested 60-day extension only as to a complaint

6  by Creditor for nondischargeability of debt under 11 U.S.C.

7  Section 523.

8       6.    Several hours after our phone call, Mr. Darcy sent me

9  the proposed Stipulation and Order attached hereto as **Exhibits 2**

10 **and 3**, which I promptly signed and returned.  The Stipulation was

11 filed on August 5, 2024 [Doc. No. 60] and the Order approving the

12 Stipulation was entered on August 6, 2024 [Doc. No. 62].

13      From August 5, 2024 until October 4, 2024, <u>I did not receive</u>

14 <u>a single communication</u> from Creditor or its counsel.  No discovery

15 was propounded, no motion was filed for an examination or

16 production of documents under Federal Rule of Bankruptcy Procedure

17 2004 and no inquires were received for documents or information.

18      Then on the afternoon of Friday October 4, 2024, three days

19 before the stipulated extended Section 523 deadline, while I was

20 in Utah for a long weekend, Mr. Darcy wrote me an e-mail asking if

21 I would be "agreeable to another 60 days on the deadline for

22 BankFinancial's possible non-dischargeability complaint."  There

23 was no explanation as to why no discovery had been conducted

24 during the preceding 60 days.

25      Debtor refused to agree to a further stipulation, and the

26 Motion to Extend was filed less than six hours before the

27 expiration of the extended deadline.

28 //

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed by me on the 23rd day of October, 2024, at Los Angeles, California.

/s/ *James R. Selth*

_____
James R. Selth

.

# EXHIBIT "1"

United States Bankruptcy Court

Central District of California

In re:

Gregory A Peplin

    Debtor

Case No. 24-13645-DS

Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0973-2            User: admin            Page 1 of 3

Date Rcvd: May 09, 2024            Form ID: 309A            Total Noticed: 46

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 11, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Gregory A Peplin, 1429 Via Sevilla, La Verne, CA 91750-2044 |
| 41965667 | + | 2120 Foothill Properties, LLC, 11693 San Vicente Blvd., Suite 320, Los Angeles, CA 90049-5105 |
| 41965668 | + | A.R.D. Marketing, Inc., 2120 Foothill Blvd., Suite 212, La Verne, CA 91750-2950 |
| 41965669 | + | Alexander V. Hettena, 31348 Via Colinas, Suite 106, Thousand Oaks, CA 91362-6803 |
| 41965672 | + | Andrew A. Bao, 8020 S. Rainbow Blvd. Suite 100-163, Las Vegas, NV 89139-6483 |
| 41965673 | + | Ashley A. Peplin, 1429 Via Sevilla, La Verne, CA 91750-2044 |
| 41965674 | + | Ashwood Agency, 11420 Santa Monica Blvd., Los Angeles, CA 90025-3010 |
| 41965676 | + | BARR Credit Services, Inc., 3444 N. Country Club Rd., Suite 200, Tucson, AZ 85716-0815 |
| 41965675 | + | BankFinancial, National Association, 1690 Sumneytown Poke, Suite 150, Lansdale, PA 19446-4885 |
| 41965678 | + | CSG Law, 105 Eisenhower Parkway, Roseland, NJ 07068-1644 |
| 41965681 | | Equity Financial Design, LLC, P.O. Box 2756, Chino Hills, CA 91709-0092 |
| 41965682 | + | Farheap Solutions, Inc., 7282 Las Vegas Blvd S., Suite 487, Las Vegas, NV 89119 |
| 41965684 | + | First Citizens Bank & Trust Company, 10201 Centurion Parkway North, Suite 100, Jacksonville, FL 32256-4114 |
| 41965685 | + | First Federal Leasing, 31 N. 9th St., Richmond, IN 47374-3171 |
| 41965688 | + | Highland Capital Corporation, 370 Pascack Rd., Township of Washington, NJ 07676-4835 |
| 41965689 | + | Highland Capital Corporation, P.O. Box 51045, Newark, NJ 07101-5145 |
| 41965690 | + | Indigo America, Inc., 1501 Page Mill Road, Palo Alto, CA 94304-1126 |
| 41965693 | + | Kelly Spicers Inc., 12310 E. Slauson Ave., Santa Fe Springs, CA 90670-2629 |
| 41965694 | + | Kyocera Document Solutions West LLC, 14101 Alton Parkway, Irvine, CA 92618-1815 |
| 41965695 | + | Liberty Capital Group, Inc., 45 Carey Ave., Suite 200, Butler, NJ 07405-1477 |
| 41965696 | + | Margulies Faith Law LLP, 16030 Ventura Blvd., Suite 470, Encino, CA 91436-4493 |
| 41965698 | + | Phil Adishian, 503 22nd St., Huntington Beach, CA 92648-3317 |
| 41965699 | + | Prologistix, P.O.Box 102332, Atlanta, GA 30368-2332 |
| 41965701 | + | Royal Alliances. Inc., 6363 N. State Highway 161, Suite 510, Irving, TX 75038-2272 |
| 41965702 | + | Select Direct, 11700 Sterling Ave., Riverside, CA 92503-4978 |
| 41965703 | + | Shemger Enterprises, LLC, 3925 W. Sunset Rd., Las Vegas, NV 89118-3876 |
| 41965704 | + | Solid Ground Sales, LLC, 1767 Lakewood Ranch Blvd., #242, Bradenton, FL 34211-4906 |
| 41965705 | + | Spiwak & Iezza, LLP, 555 Marin St., Suite 140, Thousand Oaks, CA 91360-4103 |
| 41965706 | + | Summit Staff Solutions, LLC, 419 Main St., Suite 306, Huntington Beach, CA 92648-5199 |

TOTAL: 29

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| aty | | Email/Text: jselth@wztslaw.com | May 10 2024 00:03:00 | James R Selth, Weintraub Zolkin Talerico & Selth LLP, 11766 Wilshire Blvd., Suite 730, Los Angeles, CA 90025 |
| tr | + | EDI: QJMRUND.COM | May 10 2024 03:55:00 | Jason M Rund (TR), Sheridan & Rund, 270 Coral Circle, El Segundo, CA 90245-4617 |
| smg | | Email/Text: finance.bankruptcy@lacity.org | May 10 2024 00:03:00 | Los Angeles City Clerk, P.O. Box 53200, Los Angeles, CA 90053-0200 |

| 41965670 | Email/PDF: bncnotices@becket-lee.com | | |
|---|---|---|---|
| | | May 10 2024 00:14:19 | American Express, P.O. Box 981540, El Paso, TX 79998-1540 |
| 41965671 | + Email/Text: bankruptcy@amuref.com | | |
| | | May 10 2024 00:04:00 | Amur Equipment Finance, Inc., 304 W. 3rd St., P.O. Box 2555, Grand Island, NE 68802-2555 |
| 41965677 | + Email/Text: CSCBNC@cscglobal.com | | |
| | | May 10 2024 00:04:00 | Corporation Service Company, 801 Adlai Stevenson Dr., Springfield, IL 62703-4261 |
| 41965680 | EDI: EDD.COM | | |
| | | May 10 2024 03:55:00 | Employment Development Dept, Bankruptcy Group MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001 |
| 41965683 | + Email/Text: dscearce@finpac.com | | |
| | | May 10 2024 00:03:00 | Financial Pacific Leasing, Inc., 3455 S. 344th Way, Suite 300, Auburn, WA 98001-9546 |
| 41965686 | EDI: CALTAX.COM | | |
| | | May 10 2024 03:55:00 | Franchise Tax Board, Bankruptcy Section MS A-340, P.O. Box 2952, Sacramento, CA 95812-2952 |
| 41965687 | EDI: PHINAMERI.COM | | |
| | | May 10 2024 03:55:00 | GM Financial, P.O. Box 183834, Arlington, TX 76096-3834 |
| 41965691 | EDI: IRS.COM | | |
| | | May 10 2024 03:55:00 | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| 41965692 | + Email/Text: srivera@jnacollect.com | | |
| | | May 10 2024 00:04:00 | Jonathan Neil & Associates, Inc., 18321 Ventura Blvd., Suite 1000, Tarzana, CA 91356-4255 |
| 41965697 | Email/Text: mtgbk@shellpointmtg.com | | |
| | | May 10 2024 00:03:00 | Newrez, P.O. Box 10826, Greenville, SC 29603-0826 |
| 41965700 | + Email/Text: notices@response-envelope.com | | |
| | | May 10 2024 00:04:00 | Response Envelope, 1340 S. Baker Ave., Ontario, CA 91761-7742 |
| 41965707 | EDI: SYNC | | |
| | | May 10 2024 03:55:00 | Synchrony Bank, Bankruptcy Department, P.O. Box 965060, Orlando, FL 32896-5005 |
| 41965708 | ^ MEBN | | |
| | | May 09 2024 23:58:44 | U.S. Small Business Administration, 1545 Hawkins Blvd., Suite 202, El Paso, TX 79925-2654 |
| 41965709 | + Email/Text: vanessa.adams@xerox.com | | |
| | | May 10 2024 00:04:00 | Xerox Corporation, 1301 Ridgeview, Building 300, Lewisville, TX 75057-6018 |

TOTAL: 17

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| smg | * | Employment Development Dept., Bankruptcy Group MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001 |
| smg | * | Franchise Tax Board, Bankruptcy Section MS: A-340, P.O. Box 2952, Sacramento, CA 95812-2952 |
| 41965679 | ##+ | Desert Trade Graphics, Inc., 7582 S. Las Vegas Blvd., Las Vegas, NV 89123-1009 |

TOTAL: 0 Undeliverable, 2 Duplicate, 1 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

User: admin                                      Page 3 of 3
Form ID: 309A                                    Total Noticed: 46

Date: May 11, 2024                           Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 9, 2024 at the address(es) listed below:**

| Name | Email Address |
|------|---------------|
| James R Selth | on behalf of Debtor Gregory A Peplin jselth@wztslaw.com  jselth@yahoo.com;maraki@wztslaw.com;sfritz@wztslaw.com |
| Jason M Rund (TR) | trustee@srlawyers.com  jrund@ecf.axosfs.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

TOTAL: 3

| Information to identify the case: | |
|---|---|
| Debtor 1: **Gregory A Peplin** | Social Security number or ITIN: xxx-xx-8940 |
| First Name  Middle Name  Last Name | EIN: __-_____ |
| Debtor 2: | Social Security number or ITIN: ____ |
| (Spouse, if filing)  First Name  Middle Name  Last Name | EIN: __-_____ |
| United States Bankruptcy Court: Central District of California | Date case filed for chapter: 7  5/9/24 |
| Case number: **2:24-bk-13645-DS** | |

## Official Form 309A (For Individuals or Joint Debtors)

# Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline  05/24

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Gregory A Peplin | | |
| 2. | **All other names used in the last 8 years** | aw A.R.D. Marketing, Inc. | | |
| 3. | **Address** | 1429 Via Sevilla La Verne, CA 91750 | | |
| 4. | **Debtor's attorney** Name and address | James R Selth Weintraub Zolkin Talerico & Selth LLP 11766 Wilshire Blvd. Suite 730 Los Angeles, CA 90025 | | Contact phone 310-207-1494 Email _____ |
| 5. | **Bankruptcy trustee** Name and address | Jason M Rund (TR) Sheridan & Rund 270 Coral Circle El Segundo, CA 90245 | | Contact phone (310) 640-1200 Email _____ |

5/

**For more information, see pages 2 and 3 >**

Debtor **Gregory A Peplin**                                                    Case number **2:24-bk-13645-DS**

| | | |
|---|---|---|
| **6.** | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 255 East Temple Street,<br>Los Angeles, CA 90012 | Hours Open:  9:00 AM – 4:00 PM<br><br>Contact phone 855–460–9641<br><br>Dated: 5/9/24 |

| | | |
|---|---|---|
| **7.** | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath by the trustee and by creditors. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **June 6, 2024 at 02:30 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>The trustee is designated to preside at the meeting of creditors. The case is covered by the chapter 7 blanket bond on file with the court. | Location:<br><br>**Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 377 810 4184, and Passcode 9476458731, OR call 1 213 592 2312**<br><br>For additional meeting information go to https://www.justice.gov/ust/moc. |

| | |
|---|---|
| **8.** | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. |

| | | |
|---|---|---|
| **9.** | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 8/5/24** |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| | |
|---|---|
| **10.** | **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |

| | |
|---|---|
| **11.** | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

| | |
|---|---|
| **12.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

**For more information, see pages 1 and 3 >**

Debtor **Gregory A Peplin**                                                          Case number **2:24-bk-13645-DS**

| | |
|---|---|
| **13. Proof of Debtor Identification (ID) and Proof of Social Security Number(SSN)** | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state–issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W–2 form, pay stub, payment advice, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
| **14. Failure to File a Statement and/or Schedule(s)** | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS,** the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial section 341(a) meeting of creditors and any continuance, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section.

**SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS,** tendrá que hacerlo dentro de un plazo de 14 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir del 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. |
| **15. Bankruptcy Fraud and Abuse** | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017. |

**For more information, see pages 1 and 2 >**

.

# EXHIBIT "2"

Alex Darcy (CSBA No. 189315)
Darcy &Devassy PC
444 N. Michigan Ave., Suite 3270
Chicago, IL 60611
(312)784-2400
Attorney for Creditor BankFinancial National Association

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGLES DIVISION

|  |  |
|---|---|
| In re | Case No.: 2:24-bk-13645-DS |
| GREGORY A. PEPLIN, | Chapter 7 |
| Debtor | **STIPULATION TO EXTEND DEADLINE TO OBJECT TO DISCHARGEABILITY OF DEBT AS TO BANKFINANCIAL NATIONAL ASSOCIATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4004(b)(1)** |

**IT IS HEREBY STIPUALTED AND AGREED** by and between Debtor, Gregory A. Peplin ("Debtor), and Creditor BankFinancial National Association ("BankFinancial"), by and through their respective counsel of record, pursuant to Federal Rule of Bankruptcy Procedure 4004(b)(1), as follows:

### RECITALS

A.      On May 9, 2024, the Debtor filed a Chapter 7 bankruptcy Petition

B.      The Debtor owns A.R.D. Marketing Inc. ("A.R.D") which filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Central District of California on April 23, 2024.

C.      In 2022, BankFinancial financed certain equipment for A.R.D., and Peplin personally guaranteed A.R.D.'s obligations to BankFinancial.

---

STIPULATION TO EXTEND DEADLINE TO OBJECT TO DISCHARGEABILITY OF DEBT
AS TO BANKFINANCIAL NATIONAL ASSOCIATION
1

D.    BankFinancial's deadline to object to the dischargeability of its debt in the Debtor's bankruptcy case is August 5, 2024.

E.    BankFinancial alleges that it needs additional time to investigate the financing transaction described above and the Debtor's involvement in same.

F.    Counsel for the Debtor and BankFinancial have conferred and have agreed to extend the deadline for BankFinancial to object to the dischargeability of the BankFinancial debt under Section 523 of the Bankruptcy Code up through and including October 7, 2024.

## STIPULATION

1.    The Recitals set forth above are incorporated as though fully set forth herein.

2.    The deadline for BankFinancial to object to the dischargeability of the BankFinancial debt under Section 523 of the Bankruptcy Code is extended up to and including October 7, 2024.


Dated: August 5, 2024                    DARCY & DEVASSY PC

By: _/s/ Alex Darcy_____
Alex Darcy
Attorneys for Creditor,
BANKFINANCIAL NATIONAL ASSOCIATION

Dated: August 5, 2024                    WEINTRAUB ZOLKIN TALERICO & SELTH LLP

By: _____
James R. Selth
Attorneys for Debtor, GREGORY A. PEPLIN


STIPULATION TO EXTEND DEADLINE TO OBJECT TO DISCHARGEABILITY OF DEBT
AS TO BANKFINANCIAL NATIONAL ASSOCIATION

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

444 N Michigan Ave. Apt. 3270
Chicago, IL 60611

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___08/05/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) ___08/05/2024___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Judge Deborah J. Saltzman
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/05/2024 | Alex Darcy | /s/ Alex Darcy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 9021-1.2.BK.NOTICE.LODGMENT**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) Continued**

Keith Patrick Banner kbanner@greenbergglusker.com,

calendar@greenbergglusker.com;cmillerwatkins@greenbergglusker.com

Christopher Beyer cab@replevin.com, ecf@writofseizure.com

Samuel Mushegh Boyamian samuel@marguliesfaithlaw.com,

angela@marguliesfaithlaw.com,vicky@marguliesfaithlaw.com

Jeremy Faith Jeremy@MarguliesFaithlaw.com,

Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

Nicolino Iezza niezza@spiwakandiezza.com

Noreen A Madoyan Noreen.Madoyan@usdoj.gov

Craig G Margulies Craig@MarguliesFaithlaw.com,

Vicky@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

David W. Meadows david@davidwmeadowslaw.com

Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.axosfs.com

Joshua L Scheer jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

James R Selth jselth@wztslaw.com, jselth@yahoo.com;maraki@wztslaw.com;sfritz@wztslaw.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Mandy Youngblood csbk@gmfinancial.com

.

# EXHIBIT "3"

1   Alex Darcy (CSBA No. 189315)
    Darcy & Devassy PC
2   444 N. Michigan Ave., Suite 3270
    Chicago, IL 60611
3   (312) 784-2400
    Attorney for Creditor BankFinancial National Association
4

5                **UNITED STATES BANKRUPTCY COURT**

6        **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

7   In re                                    Case No.: 2:24-bk-13645-DS

8   GREGORY A. PEPLIN,                       Chapter 7

9                                            ORDER APPROVING STIPULATION TO
                                             EXTEND DEADLINE TO OBJECT TO
10           Debtor                          DISCHARGEABILITY OF DEBT AS TO
                                             BANKFINANCIAL NATIONAL
11                                           ASSOCIATION PURSUANT TO FEDERAL
                                             RULE OF BANKRUPTCY PROCEDURE
12                                           4004(b)(1)

13          The court, having reviewed and considered the "Stipulation to Extend Deadline to Object to

14  Discharge as to BankFinancial National Association Pursuant to Rule 4004(b)(1)" (the "Stipulation,"

15  Docket No. 60), entered into by and between debtor Gregory A. Peplin and BankFinancial National

16  Association ("BankFinancial"), and good cause appearing,

17          **IT IS HEREBY ORDERED** that the Stipulation is approved, and the deadline for

18  BankFinancial to object to the dischargeability of the BankFinancial debt under Section 523 of the

19  Bankruptcy Code is extended to October 7, 2024.

20                                          ###

21

22

23

24  Date: August 6, 2024                    _____
                                            Deborah J. Saltzman
25                                          United States Bankruptcy Judge

26

27

Stamp:
FILED & ENTERED
AUG 06 2024
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchian DEPUTY CLERK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11766 Wilshire Blvd., Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled **DEBTOR'S OPPOSITION TO MOTION OF CREDITOR BANKFINANCIAL TO EXTEND TIME TO OBJECT TO DISCHARGE PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 4004(b)(1); DECLARATION OF JAMES R. SELTH IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 23, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **N/A**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 23, 2024 | Martha Araki | /s/ Martha Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Keith Patrick Banner    kbanner@greenbergglusker.com, calendar@greenbergglusker.com
Christopher Beyer    cab@replevin.com, ecf@writofseizure.com
Samuel Mushegh Boyamian    samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
Alex Darcy    adarcy@darcydevassy.com, rwoolley@darcydevassy.com;smccarthy@darcydevassy.com
Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
Nicolino Iezza    niezza@spiwakandiezza.com
Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
Craig G Margulies    craig@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
David W. Meadows    david@davidwmeadowslaw.com
Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
James R Selth    jselth@wztslaw.com, jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Mandy Youngblood    csbk@gmfinancial.com